IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CAROL SUE KRIEGER,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>    Defendant. | Case No. 1:14-cv-01309-JEH |

**Order and Opinion**

The Plaintiff, Carol Kreiger, filed claims for Disability Insurance and Supplemental Security Income benefits on May 20, 2011, which were denied by Administrative Law Judge Diane Flebbe ("ALJ") in a decision dated April 8, 2013. (D. 8 at ECF p. 17.)[1] The Appeals Council declined to review the matter on June 3, 2014, making the ALJ's decision the final decision of the Commissioner. (AR 1-7) Ms. Krieger requests judicial review of the ALJ's decision in this Court. This Court has jurisdiction pursuant to the Social Security Act, 42 U.S.C. §§ 405 (g) and 1383(c)(3). The Plaintiff having filed a Motion for Summary Judgment (D. 14) and the Defendant having filed an opposing Motion for Summary Affirmance (D. 18), and the Court having considered the arguments made therein, this Court now GRANTS the Plaintiff's Motion and DENIES the Defendant's Motion.

I

Keiger, born January 18, 1960, alleged disability from May 15, 2007. She premised her claim upon the following severe impairments, as found by the ALJ

---

[1] References to the Administrative Record are made by citation to the corresponding Docket Number "(D. #)" on the Docket, along with the page number "(ECF at #)" where appropriate.

1

and not challenged in this Court: lumbar spine degenerative disc disease, osteoarthritis of the knees, obesity, anxiety, and depression. (D. 8 at ECF p. 19). About the only thing that is clear from the Administrative Record is that Kreiger has in fact suffered from back pain, anxiety, and depression since at least 2007. What is not clear at all is to what degree these severe impairments limit her ability to work. Indeed, the fifteen different medical opinions, evaluations, and consultations in the record are all over the map. The ALJ rejected them all.

After rejecting the medical opinions, the ALJ turned to the objective medical records. She found that these records, described more fully in Section II, *infra*, supported a finding that the Plaintiff was capable of performing a broad range of sedentary work. Likewise, the ALJ concluded that the Plaintiff's activities of daily living, also explained in more detail, *infra*, were consistent with the Plaintiff being able to perform a broad range of sedentary work. The ALJ concluded that the Plaintiff had the following RFC:

> Claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: the claimant may not climb ladders, ropes, or scaffolds; the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; the claimant must avoid concentrated exposure to extreme cold and wetness; and the claimant is limited to occasional work interaction with the general public.

(D. 8 at ECF p. 23).

The Plaintiff argues to this Court that:  1) After rejecting all medical opinions the ALJ improperly substituted her own lay opinion in formulating Plaintiff's residual functional capacity; 2) the ALJ erred in failing to consider all of Plaintiff's physical and mental impairments in combination; 3) the ALJ relied on meaningless boilerplate language and distortions of Plaintiff's testimony to support her credibility determination; and 4) the ALJ's determinations that

Plaintiff can perform the jobs the VE identified and these jobs meet the restrictions the ALJ found are not supported by substantial evidence.

## II
### A

The Court's function on review is not to try the case de novo or to supplant the ALJ's findings with the Court's own assessment of the evidence. *See Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Pugh v. Bowen*, 870 F.2d 1271 (7th Cir. 1989). Indeed, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Although great deference is afforded to the determination made by the ALJ, the Court does not "merely rubber stamp the ALJ's decision." *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). The Court's function is to determine whether the ALJ's findings were supported by substantial evidence and whether the proper legal standards were applied. *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971), *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

In order to qualify for disability insurance benefits, an individual must show that his inability to work is medical in nature and that he is totally disabled. Economic conditions, personal factors, financial considerations, and attitudes of the employer are irrelevant in determining whether a plaintiff is eligible for disability. *See* 20 C.F.R. §§ 404.1566, 416.966 (1986). The establishment of disability under the Act is a two-step process.

First, the plaintiff must be suffering from a medically determinable physical or mental impairment, or combination of impairments, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). Second,

3

there must be a factual determination that the impairment renders the plaintiff unable to engage in any substantial gainful employment. *McNeil v. Califano*, 614 F.2d 142, 143 (7th Cir. 1980). The factual determination is made by using a five-step test. *See* 20 C.F.R. §§ 404.1520, 416.920. In the following order, the ALJ must evaluate whether the claimant:

1) currently performs or, during the relevant time period, did perform any substantial gainful activity;

2) suffers from an impairment that is severe or whether a combination of her impairments is severe;

3) suffers from an impairment which meets or equals any impairment listed in the appendix and which meets the duration requirement;

4) is unable to perform her past relevant work which includes an assessment of the claimant's residual functional capacity; and

5) is unable to perform any other work existing in significant numbers in the national economy.

*Id*. An affirmative answer at any step leads either to the next step of the test, or at steps 3 and 5, to a finding that the plaintiff is disabled. A negative answer at any point, other than at step 3, stops the inquiry and leads to a determination that the plaintiff is not disabled. *Garfield v. Schweiker*, 732 F.2d 605 (7th Cir. 1984).

The plaintiff has the burdens of production and persuasion on steps 1 through 4. However, once the plaintiff shows an inability to perform past work, the burden shifts to the Commissioner to show ability to engage in some other type of substantial gainful employment. *Tom v. Heckler*, 779 F.2d 1250 (7th Cir. 1985); *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).

In the instant case, Krieger claims error on the ALJ's part at Step Four.

B

As an initial matter, the Court notes that the Commissioner's failure to directly address the arguments raised by the Plaintiff makes the Commissioner's filing of little value to the Court. The Plaintiff argues that the ALJ made four precise errors, and she addresses each of those issues in a separate subsection of her brief. Specifically, the four alleged errors, in order, are as follows:

- After rejecting all medical opinions the ALJ improperly substituted her own lay opinion in formulating Plaintiff's residual functional capacity.
- The ALJ erred in failing to consider all of Plaintiff's physical and mental impairments in combination.
- The ALJ relied on meaningless boilerplate language and distortions of Plaintiff's testimony to support her credibility determination.
- The ALJ's determinations that Plaintiff can perform the jobs the VE identified and these jobs meet the restrictions the ALJ found are not supported by substantial evidence.

The Commissioner responds in one, rambling, twelve page section entitled, "The ALJ reasonably found that Plaintiff had the RFC to perform a restricted range of sedentary work." (D. 19 at ECF pp. 4-16). The Court is therefore left with a "treasure hunt" for responses to the Plaintiff's arguments. "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The Court reminds the Commissioner that in the future, it should directly respond to each argument made by the Plaintiff in a clear and organized way.

C

Krieger first argues that the ALJ erred by rejecting all medical opinions and then substituting her own lay opinion in formulating the RFC. The Commissioner responds that because there is no requirement that an ALJ base

her RFC finding upon any specific opinion, the RFC she developed was supported by substantial evidence.

Although it is true that an ALJ need not adopt any specific medical opinion in full, *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007), an ALJ's rejection of medical opinions can leave an "evidentiary deficit" where "the rest of the record does not support the parameters included in the ALJ's residual functional capacity determination," and the ALJ fails to "build an accurate and logical bridge from the evidence to her conclusion." *Suide v. Astrue*, 2010 WL 1508510, at *6 (7th Cir; Apr. 16, 2010). Such an evidentiary deficit is present in this case.

Of those medical opinions discussed by the ALJ, she rejected them all:

- Treating Physician Dr. Chaundry: "not credible." (D. 8 at ECF p. 30)
- Treating Physician Dr. Bowers: "no significant weight," "not supported, "little weight." (D. 8 at ECF pp. 30-31).
- Treating Physician Dr. Walsch: "no weight," "not credible." (D. 8 at ECF p. 31).
- All State Agency Examiners: "disregarded," (D. 8 at ECF p. 32)
- All GAF Scores: "little weight," "simply not supported." (D. 8 at ECF p. 32)

Without the benefit of the medical opinions evaluating the medical evidence in the record, the ALJ concluded that Krieger was not totally disabled because:

- Her claims of extremely limited functional capacity are not demonstrated by the medical records (D. 8 at ECF p. 27);
- Her treatment notes do not support a contention of total disability (D. 8 at ECF p. 24);

- Her receipt of medical treatment is not what one would expect for an individual experiencing debilitating pain (D. 8 at ECF p. 28); and
- Her functioning does not support her claimed degree of pain or limitation (D. 8 at ECF pp. 28, 30).

Regarding the evidence the ALJ *did* rely on in formulating the RFC, it is sparse. Here is what the ALJ *does* rely upon as it relates to physical impairments.

First, citing the medical records, she states:

> The claimant has been generally noted to have normal muscle tone and strength in the lumbar spine; normal range of motion and strength in the lower extremities (Exhibit 20F, 19-21); the ability to walk with a normal gait (Exhibit 20F, 16-17); symmetric reflexes (Exhibit 16F, 4-5; Exhibit 22F, 1-2; Exhibit l lF; Exhibit 7F); the ability to bear weight and ambulate without any ambulatory aids; no motor weakness; no muscle atrophy; no muscle spasm; 5/5 handgrip strength; the ability to perform fine and gross manipulations with her hands (Exhibit 7F; I IF); full range of motion of the shoulders, elbows, wrists, hips, knees, ankles, and cervical spine; 5/5 upper extremity strength; 5/5 lower extremity strength; and intact sensation (Exhibit 1 lF; Exhibit 20F, *4-S).* These functional abilities are consistent with the ability to perform a very broad range of sedentary work.

(D. 8 at ECF pp. 27-28).

How this recitation of information supports a finding of the Plaintiff being able to perform sedentary work is unclear. Sedentary work is defined as:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.

C.F.R. § 404.1567. The "walking and standing" components would generally be no more than about two hours of an 8-hour workday, and sitting would generally total about six hours of the work day. SSR 96-9p. Nothing in this

7

assessment of the medical records indicates the Plaintiff would be capable of sitting for six hours out of an 8-hour work day, and, of course, the ALJ rejected the medical opinions on this question which, predominantly say that she *cannot* do so.

The remainder of the evidence she relies upon is the Plaintiff's own statements about her daily activities, which the ALJ seems to rely upon as the primary basis for her RFC, as well as the rejection of Krieger's complaints of pain, the medical opinions, and other medical evidence.

The ALJ's summary of the Plaintiff's daily activities indeed paint her as a very active and capable person, to wit:

> She stated to her doctor that she was exercising daily (Exhibit 16F, 4-5) and reported upon her discharge from rehab that she was going to go for long walks, swim, camp, and go four wheeling (Exhibit 1F, 29). The claimant also stated in her testimony that she cooks simple meals, sweeps, does dishes, goes to the grocery store with someone else, attends AA meetings 3-5 times per week, goes twice a month with her parents to distribute Meals on Wheels and takes the meal to the door, visits her parents in the country, visits with friends in her apartment building, attends church, spends an hour a day on her cell phone, and spends time with her daughter on the weekends watching movies, taking short walks to Goodwill, and fixing each other's hair. She testified that she has not gone horseback riding or four-wheeler riding for three years, but even three years ago is in 2010 and well after her alleged onset date in May 2007. The ability to perform this broad range of activities does not demonstrate the claimant is not disabled but they do demonstrate the ability to sit, stand, walk, lift items, concentrate to complete tasks, engage in social interaction, and otherwise perform work activity within the proscribed [sic] residual functional capacity.

(D. 8 at ECF p. 29).

The problem with this picture, however, is that it is too selective; the ALJ's summary of the Plaintiff's daily activities leaves out everything that could

support Krieger's claims, while noting only those parts of her testimony which do not. This an ALJ may not do. "[A]n ALJ does not need to discuss every piece of evidence in the record, [but] the ALJ may not analyze only the evidence supporting her ultimate conclusion while ignoring the evidence that undermines it. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014), *citing Terry v. Astrue,* 580 F.3d 471, 477 (7th Cir. 2009); *Myles v. Astrue,* 582 F.3d 672, 678 (7th Cir. 2009); *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012). The ALJ must confront the evidence that does not support her conclusion and explain why that evidence was rejected. *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir.2004). As in *Moore*, "[t]he ALJ in this case presented only a skewed version of the evidence." 743 F.3d at 1122.

For example, the ALJ implies that at least until 2010, the Plaintiff could go for long walks, camp, four wheel, and swim. However, this reference came from a "Recreation Therapy Discharge Planner" upon completion of substance abuse treatment which was *aspirational*. It says nothing about what the Plaintiff can *actually* do. Nothing in the record suggests that she has *ever* done any of these activities. The ALJ's citation to this tidbit is absurd.

Likewise, the ALJ omits the Plaintiff's allegations of painful consequences which result from the activities to which the ALJ recites. For example, the ALJ notes that Krieger cooks simple meals, sweeps, and does dishes. What she *does not* note is that according to Krieger, the pain prevents her from doing any of these activities for more than ten or fifteen minutes, after which time she then needs to rest another ten or fifteen minutes before resuming any activities. (D. 8 at ECF p. 52).

As the Plaintiff argues, the ALJ "succumb[ed] to the temptation to play doctor and made her own independent medical findings." *Worzalla v. Barnhart*, 311 F. Supp. 2d 782, 788 (E.D. Wis. 2004), *quoting Rohan v. Chater*, 98 F.3d 966, 970

(7th Cir. 1996). Here, after weighing the medical opinions and rejecting them all, the ALJ put herself in the position of having to play doctor to formulate the RFC, especially where the remaining information in the record was insufficient to support the RFC she formulated. Accordingly, the RFC is not supported by substantial evidence, and this matter must be remanded to the ALJ to reformulate an RFC which is based upon properly considered and weighted medical opinions and a fuller view of the Plaintiff's activities of daily living.

### C

In light of this Court's remand for the reformulation of the RFC, the Plaintiff's remaining three arguments need not be addressed. Needless to say, once the ALJ properly reformulates an RFC on remand, the ALJ will need to consider all of Plaintiff's physical and mental impairments in combination, reassess the Plaintiff's credibility in light of the properly formed RFC, and examine a VE in light of the newly formulated RFC.

### III

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment (Doc. 14) is GRANTED, the Commissioner's Motion for Summary Affirmance (18) is DENIED, and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the ALJ to formulate an RFC supported by substantial evidence.  The Clerk's Office is hereby directed to enter Judgment in favor of the Plaintiff and against the Defendant.  This matter is now terminated.

*It is so ordered.*

Entered on February 2, 2016

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE